UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

---

ALERE MEDICAL INCORPORATED,

            Plaintiff,

  -against-

QMED, Inc., individually and on behalf of its subsidiary, Interactive Heart Management Corporation,

            Defendants.

---

CASE NO: 3:06cv00062 ECR (RAM)

**STIPULATED PROTECTIVE ORDER**

    IT IS HEREBY STIPULATED, CONSENTED TO and AGREED, by and between the parties hereto, by their undersigned counsel:

**I.**   **Confidential Materials**

    1.   All documents, materials, or information produced by a party in the course of or in relation to the above entitled action, or in the related arbitration, shall be treated as Confidential Material hereunder. The automatic designation of all such documentation, materials, and information as Confidential Material as provided herein shall apply to all information and materials provided or produced by a party to an opposing party in the course of the above-captioned action or the related arbitration, whether written, oral, contained in documents or transcripts, or in any other form. Such documentation, information and materials shall be automatically treated as Confidential Material, whether or not marked as such; regardless, a party may designate documentation, information and/or materials as confidential by marking them as "Confidential," "Confidential Material," or "Restricted Confidential" as described below.

2. Access to Confidential Material, including all documents, materials, and/or information produced herein and any copies, portions, summaries, analyses or excerpts thereof, shall be limited to the following persons and entities:

    a. Counsel of record for the parties herein or in the related arbitration, including office associates, partners, affiliated counsel, paralegals, stenographic and clerical employees;

    b. The parties to this action and the related arbitration, their representatives, employees and agents, including in-house and specially retained counsel;

    c. Outside witnesses, potential witnesses, consultants, and/or experts;

    d. Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

    e. The Court and Court personnel, including clerks and stenographic reporters engaged in such proceedings as are necessarily incident hereto;

    f. Reporters or stenographers who record deposition, hearing, trial or other testimony in the action;

    g. Outside photocopying services, graphic production services, or litigation support services employed by the parties or their counsel to assist in this matter, and personnel performing duties in relation to a computerized system utilized for this action or the related arbitration;

    h. Any other person whom the producing party agrees to in writing.

## II. Qualified Protective Order (HIPAA materials)

1. By agreement of the parties and in accordance with 45 C.F.R. §164.512(e) of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), it is hereby stipulated and agreed by and between the respective parties hereto and their counsel that the parties are authorized to produce protected health information as that term is defined in the Privacy Regulations promulgated pursuant to the Health Insurance Portability and Accountability Act, 45 C.F.R. Parts 160 and 164 (the "Privacy Regulations"), and any copies, summaries, pleadings, testimony or transcripts containing quotations therefrom or references thereto (hereafter referred to as "Protected Health Information"). This Order is intended to constitute a "qualified

protective order" as described in 45 C.F.R. § 164.512(e). The disclosures to be made under this Article II are in response to the parties' respective requests for production of documents, and other Court or arbitrator required production. The Protected Health Information is confidential pursuant to HIPAA and, therefore, the disclosure will be conducted pursuant to the following terms, restrictions and conditions:

    a. Information containing Protected Health Information shall be disclosed only to counsel of record in this action or to individuals certified by such counsel as employed by or assisting counsel in preparation of or for, or at the trial of, the above referenced action.

    b. Any use or disclosure of Protected Health Information shall be limited to those purposes related to litigating the above referenced action.

    c. At the conclusion of the action, counsel both parties will return all copies of any Protected Health Information to the producing party with satisfactory assurances that all copies have been destroyed.

### III. Restricted Confidential Materials

1. A party may designate as "Restricted Confidential" any document or other material, or information contained in documents or materials, or information, whether written, oral, contained in documents or transcripts, or in any other form (hereinafter referred to as "Restricted Confidential Material") that a party or its representatives believe in good faith contains or reflects sensitive and highly confidential proprietary, trade secret, confidential or commercial information, for which the designation Confidential will not afford adequate protection under the terms of this Stipulated Protective Order.

2. For purposes of this Stipulated Protective Order, Restricted Confidential Material shall include, to the extent designated "Restricted Confidential" in accordance with Paragraph III. 3 below, all or any of the following:

    a. documents, discovery responses, depositions, testimony, and other information or material produced to the parties to this litigation;

    b.    copies, extracts, reports, studies, complete or partial summaries, and other documents or materials made or prepared from Restricted Confidential Material; and

    c.    transcripts, briefs, memoranda, exhibits, and other pleadings or writings that tend to reveal, summarize, or otherwise disclose Restricted Confidential Material.

3. The parties may designate material they produce as Restricted Confidential by placing or causing to be placed upon such material the following legend:

"RESTRICTED CONFIDENTIAL"

4. Whenever only a portion of a document, transcript, or other material is deemed Restricted Confidential, the parties shall, to the extent reasonably practicable, limit the designation to such portion of the material. However, if it is not reasonably practicable to so limit the designation, the entire document, transcript, or other material may be designated Restricted Confidential.

5. The documents and information marked Restricted Confidential shall not be shown to or given to, nor their content discussed with, nor shall such documents and information be otherwise disclosed by the party (or its counsel) receiving them hereunder, to, any persons other than the following:

    a.    Counsel of record for the parties to this action or the related arbitration, including office associates, partners, of counsel to the firm, paralegal, stenographic and clerical employees;

    b.    The judge and court personnel or the arbitrator and American Arbitration Association personnel including clerks and stenographic reporters engaged in such proceedings as are necessarily incident to this arbitration;

    c.    Reporters or stenographers who record deposition or other testimony in this action or the related arbitration;

    d.    Any person who is indicated on the face of a document to have been an author, addressee, or copy recipient thereof;

      e.    Outside photocopying services, graphic production services, or arbitration support services employed by the parties or their counsel to assist in this action or the related arbitration, and computer personnel performing duties in relation to a computerized system utilized for this action or the related arbitration;

      f.    Outside consultants and/or experts, subject to the provisions of agreeing to this Stipulation and Order;

      g.    Any other person whom the producing party agrees to in writing.

6.    Before counsel for any party may disclose Restricted Confidential Materials received from the opposing party to any person described in subparagraph III (5)(f) the person to whom disclosure is to be made shall be provided a copy of this Stipulated Protective Order, shall evidence his or her agreement to be bound by its terms, conditions, and restrictions by signing an undertaking in the form of the attached Undertaking Re: Stipulated Protective Order (the "Undertaking") attached hereto as Exhibit A, and shall retain a copy of this Stipulated Protective Order, with a copy of his or her signed Undertaking attached. Counsel shall keep a copy of the signed Undertaking for each person described in subparagraphs III(5)(f) and (g) to whom counsel discloses Restricted Confidential Material.

7.    If, in a deposition or a proceeding before the Court or Arbitrator, whichever is applicable, a person subject to subparagraph III(5)(f) refuses to sign an Undertaking, such person(s) may be shown the Restricted Confidential Material, and counsel may examine the person(s) concerning the same, provided that neither the person(s) nor his or her counsel, if any, may retain any copy of the Restricted Confidential Material, including but not limited to, a copy of any pages of the transcript that are designated Restricted Confidential. If a person subject to subparagraph III(5)(f) refuses to sign an Undertaking, in no event shall such person(s) be furnished with a copy of portions of the transcript or exhibits that have been designated Restricted Confidential. Other than a person subject to subparagraph III(5)(f) providing

testimony, only individuals referenced in paragraphs III. 5. (a), (b), (c), and (d) and individuals referenced in paragraphs III(5)(f) who have executed an Undertaking, may be present during a deposition or a proceeding before the Court where Restricted Confidential Material or the information therein are discussed. In the event an individual refuses to sign an Undertaking, any testimony provided by that person may still be used in this litigation, even though the individual did not receive copies of Restricted Confidential Material or transcript excerpts addressing Restricted Confidential Material.

       8.    Restricted Confidential Material may be filed with or presented to the Court or Arbitrator, as applicable, or may be included in, attached to, or discussed in briefs, memoranda, or other papers fled with the Court or Arbitrator, whichever may be applicable, but if so, they shall be fled in a sealed envelope bearing the caption of this case and the legend "THIS ENVELOPE, FILED IN THIS CASE BY [NAME OF PARTY], CONTAINS RESTRICTED CONFIDENTIAL MATERIAL AND IS NOT TO BE OPENED NOR THE CONTENTS HEREOF REVEALED EXCEPT BY THIS COURT OR BY ORDER OF THE COURT." Such documents so filed shall not be available for public inspection, but shall be retained as though under seal and shall not be made available to any person except to a judge, arbitrator, or the Court and the counsel for parties to this action, until further order.

**IV.**    **Provisions Applicable to Confidential Material and Restricted Confidential Material.**

       1.    The terms of this Stipulated Protective Order shall govern all aspects of the procedures to be followed in designating documents, materials and information as Confidential Material and Restricted Confidential material, in protecting such material hereunder, in challenging such designations, and the terms, conditions, and restrictions on the use of Confidential Material and Restricted Confidential Material.

2.  Whenever a party asserts a good faith objection to the designation of discovery material as Confidential or Restricted Confidential Material, prior to seeking relief, the parties shall meet and confer in good faith in an effort to resolve the objection. If the parties are unable to resolve the objection(s) informally, the objecting party may apply to the Court (or the Arbitrator, as applicable), for a ruling that such Confidential or Restricted Confidential Material shall not be so treated, giving advance notice to the party producing the Confidential or Restricted Confidential Material. In such instances, the party producing or designating the Confidential or Restricted Confidential Material shall bear the burden of establishing that the challenged material constitutes Confidential or Restricted Confidential Material, as applicable, entitled to protection. Upon the filing of such a motion, the Court (or Arbitrator, as applicable), will decide the issue through any manner it deems most expedient, including, without limitation, a telephonic conference.

3.  Once the parties have produced Confidential Material or Restricted Confidential Material, the document, and any summaries, abstracts, notes, analysis, attorney notes, work product, or other document that is derived from and discloses the contents of such material shall be subject to the terms of this Stipulated Protective Order until and unless: (a) the parties reach an agreement that the Confidential or Restricted Confidential designation be removed or disregarded: or (b) pursuant to the terms of this Stipulated Protective Order, the Court (or the Arbitrator, as applicable), determines that a document should not be designated or regarded as Confidential or Restricted Confidential and the information that is the subject of the previously designated Confidential or Restricted Confidential designation is subject to disclosure.

4.  Confidential and/or Restricted Confidential Materials and/or their content that are not in fact confidential and/or restricted confidential, do not become confidential and/or

"restricted confidential" merely by means of a party's production or designation herein, except that the parties hereto shall treat Confidential and/or Restricted Confidential Materials in accordance with the terms hereof. Nothing in this Stipulated Protective Order, nor any failure by any party to challenge the designation by another party of any information as Confidential and/or Restricted Confidential Material, shall be construed as an admission or agreement that any specific information is or is not confidential and/or restricted confidential, proprietary or a trade secret, is or is not subject to discovery, or is or is not admissible in evidence.

5. As is applicable to all documents, information and material produced by the opposing party in the course of the parties' litigation and arbitration, the parties' use of Confidential Material and Restricted Confidential Material received from another party hereunder shall be restricted to use for this litigation and the related arbitration and shall not be used for any other purpose.

6. The placing of any confidentiality designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at hearing.

7. The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this litigation and of the related arbitration. Within thirty (30) days after final conclusion of all aspects of this litigation and of the related arbitration, all Confidential Materials and Restricted Confidential Materials subject hereto, and all copies of the same, shall be returned or destroyed, except that the parties or their counsel may each retain a complete copy of the pleadings, litigation papers and exhibits served, other than the production of documents (which production of documents shall be returned or destroyed pursuant to the terms hereof); to the extent such pleadings and papers contain Confidential Material or

Restricted Confidential Materials, the parties shall continue to comply with the confidentiality obligations set forth herein

8.  Nothing contained in this Stipulation and Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of any document, material or information, whether confidential, restricted confidential or otherwise.

9.  This Stipulated Protective Order may be signed in one or more counterparts, each of which shall be deemed an original, but all of which together shall be one and the same document. Facsimile signatures shall have the same import as original signatures.

10. The terms of this Stipulation and Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court or Arbitrator, whichever may be applicable. The parties hereto stipulate to the terms hereof, and this agreement shall be binding on the parties hereto, and the parties shall comply herewith, prior to the Court or Arbitrator, whichever may be applicable "so-ordering" this Stipulation. In the event the Court or Arbitrator, whichever may be applicable, modifies this stipulation prior to its entry, the terms as modified by the Court or Arbitrator, whichever may be applicable, shall then apply. The Court or Arbitrator, whichever may be applicable, shall have jurisdiction over any further proceedings under this Stipulation and Order, and the parties consent to the jurisdiction of the Court or Arbitrator, whichever may be applicable, for this purpose.

11. Nothing contained in this Stipulation and Order shall prevent any party to the action from seeking modification of this Stipulation and Order, or from objecting to discovery which it believes to be improper, or where otherwise appropriate. This Stipulation and Order shall not preclude any party to the action from objecting to discovery, or to other disclosure,

where such party believes that, notwithstanding the terms hereof, production or disclosure in response to a discovery request or otherwise, is objectionable, or will, in the absence of further relief in addition to the provisions hereof result in objectionable or improper disclosure, such as, but not limited to, disclosure of privileged information.

12. To the extent a party or person lawfully is in, or comes into, possession of documents or information other than through the receipt of Confidential Material or Restricted Confidential Materials in this action or the related arbitration, neither this Stipulated Protective Order, nor production of the same documents or information in this proceeding marked Confidential or Restricted Confidential, shall in any way limit the right of the party or person who has otherwise lawfully come into possession of such documents or information, from using the documents or information of which he/she has possession.

IT IS SO ORDERED

This _____ day of _____, 2006.

STIPULATED AND AGREED:

HALE LANE PEEK DENNISON AND HOWARD

By: /s/ Stephen Peek
J. Stephen Peek, Esq.
Patricia Halstead, Esq.
Attorneys for Plaintiff

MCDONALD CARANO WILSON

By: /s/ John Frankovich
John Frankovich, Esq.
Attorneys for Defendant

Of Counsel for Defendant:
MOSES & SINGER LLP

By: /s/ Abraham Y. Skoff

527388 008001.0142

10

By: _____
Abraham Y. Skoff

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: _____ July 31, 2006 _____

# EXHIBIT A

## UNDERTAKING RE: STIPULATED PROTECTIVE ORDER

I, _____, acknowledge that I have read the Stipulated Protective Order entered in this action, *QMed, Inc., individually and on behalf of its subsidiary Interactive Heart Management Corporation v. Alere Medical Incorporated*, CASE NO: 3:06cv00062 ECR (RAM). I understand the terms of the Stipulated Protective Order, and I agree to be bound by it. I further understand that a violation of this Stipulated Protective Order could potentially lead to legal action against me for a breach of this Undertaking.

Dated:                              Signature: